UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STREAMLINED CONSULTANTS, INC. d/b/a
STREAMLINED CONSULTANTS; and              Case No. 7:21-cv-9526-KMK
MOSHIE SHOEWALD,

                    Plaintiffs,

        -against-

EBF HOLDINGS, LLC d/b/a EVEREST
BUSINESS FUNIDNG, SCOTT CROCKET,
JOHN DOES 1-5, and ABC CORPORATIONS 1-
5

---

**MEMORANDUM OF LAW IN OPPOSITION OF EBF HOLDINGS, LLC
<u>MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

LEVENSON LAW GROUP
Scott C. Levenson, Esq.
625 W 51st Street
New York, NY, 10019
Tel: (347) 352-2470
Email: :Levensonlawgroup@gmail.com

## <u>TABLE OF CONTENTS</u>

I.     **INTRODUCTION**………………………………………… .. 4

II.    **ARGUMENT** ………………………………………....... 4

     *A.  The SAC Properly Pleads All Necessary Elements Under RICO* …………………………………… 4

        i.    <u>Unlawful Debt Based Upon Fraud</u> ………………... 5

        ii.   <u>Wire Fraud Under RICO</u> ………………………… 6

        iii.  <u>The "Enterprise Under RICO</u> …………………… 7

        iv.  <u>Injury Under RICO</u> ………………………………7

        v.   <u>Conspiracy Under RICO</u> …………………………… 8

  A. *Plaintiffs Fraud Claim Is Based Upon Material*
  B. *Misrepresentation In The Agreement And Ha*
  C. *s Sufficiently Plead the Necessary Requirements.* …………………..8

III.    **CONCLUSION** ………………………………………… 9

## <u>TABLE OF AUTHORITIES</u>

**CASES:**

### *Supreme Court Cases*

*RJR Nabisco, Inc. v. European Cmty.*,
136 S. Ct. 2090  (2016)…………………………………… 5

*Cedric Kushner Promotions, Ltd. v. King*,
533 U.S. 158 (2001) ……………………………………… 7

### *Federal Circuit Court Cases*

*United States v. Mosely*,
90 F.3d 9  (2d Cir. 2020)………………………………… 5

*United States v. Weaver*,
860 F.3d 90  (2d Cir. 2017) ……………………………… 6

### *Federal District Court Cases*

*Fleetwood Servs.*,
No. 20 Civ. 5120, 2022 WL 1997207
(S.D.N.Y. June 6, 2022) …………………………………7

### *State Court Cases*

*Pasternack v. Lab. Corp. of Am. Holdings*,
27 N.Y.3d 617 (N.Y. 2016) ……………………………… 8

## RULES AND STATUTES:

### *Federal Rules of Civil Procedure*

Fed. R. Civ. P. 9…………………………………………6

### *Federal Statutes*

18 U.S.C. § 1961 ………………………………………… 4

18 U.S.C. § 1962 ………………………………………… 4

## I.      INTRODUCTION

Defendants Motion to Dismiss ultimately fails because the arguments set forth a misunderstanding the factual allegations of the Complaint. The Second Amended Complaint ("SAC") focuses on the question of the fraud and material misrepresentation, and does not contend the issues already decided by the Court's decision to dismiss the First Amended Complaint ("FAC"). Furthermore, Defendants fail to show an adequate understanding of RICO, as evidenced in Defendants arguments.  Ultimately, Defendant has failed to poke any holes in the allegations and accordingly, the Court should deny the Motion in its entirety.

## II.     ARGUMENT

### A.   *The SAC Properly Pleads All Necessary Elements Under RICO.*

It is "unlawful for any person employed by or associated with any enterprise engaged in ... interstate or foreign commerce, to conduct or participate ... in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1 962(c). An "unlawful debt" for purposes of civil RICO liability is defined as "a debt ... which was incurred in connection with ... the business of lending money or a thing of value at a rate usurious under State of Federal law, where the usurious rate is at least twice the enforceable rate." *Id*. at § 1961 (6)(B). Under the civil remedy provision of the Act, a plaintiff prevails when it shows the following: (1) a violation of the Act; (2) injury to business or property; and (3) causation *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2096 (2016).

i.      Unlawful Debt Based Upon Fraud

The question of lawful debt is not wholly answered by the questions before the Court in the FAC. The FAC simply addressed whether the terms and conditions of the Agreement purports to be a loan or funding-based agreement. That is only one aspect to the case. However,

if the debt was obtained by means of material misrepresentation, which is the basis of the SAC, then the debt is no longer lawful. For the debt to be lawful, it must be lawful as a matter of law, but also, must have been lawfully bargained for and free of fraud.

In fact, this is a common practice among violators of RICO. Despite Defendants lack understanding of the analogy of "cleaning money"  or fraudulently stating charges and fees that were not actually incurred,  RICO encompasses the fraudulent collection of charges and fees. Despite the Agreement on its face being a funding agreement, the SAC alleges that the terms and conditions of the Agreement were material misrepresentations of what the charges and fees were and the intent of the Defendant when entering into the Agreement.

In June of 2015, the U.S. Attorneys Office, Eastern District of Pennsylvania, charged a person for essentially hiding illegal "pay day" loans in charges and fees. *See Exhibit A.* In a press release, the office stated:

> Pennsylvania law makes it a crime to collect interest, fees, and other charges associated with a loan at a rate in excess of 36 percent per year.  Payday loans are short-term loans of relatively small amounts of money, usually a few hundred dollars, which borrowers promise to repay out of their next paycheck or regular income payment, such as a social security check.  Some loans have finance charges or fees of between 10 and 30 percent of the amount borrowed.  Given the short-term nature of these loans, those charges can translate to annual percentage rates of interest ("APR"s) of 260 to 780 percent.

As shown, RICO is not limited to the facial terms of a contract, bur rather the actual execution and intent of the contract.

In fact, the Court of Appeals for the Second Circuit has upheld similarly by finding that charging fraudulent fees can be usury and pursued under RICO. *See United States v. Mosely*, 90 F.3d 9, 15 (2d Cir. 2020) ( "Instead  of charging a traditional interest rate, Moseley's business charged 'fees' that functioned, in effect, as interest payments.")

Ultimately, the allegations set forth are not precluded by the Court's decision on the FAC and the RICO claims are viable and yet to be decided by this Court.

The Court has not addressed this issue because RICO was not a cause of action in the FAC. Moreover, the Court has only addressed the transactions amongst the parties through the express terms of the Agreements. The questions set forth in the SAC are based upon illegal racketeering of fraud, not by the express terms of the Agreement alone.

    ii.    Wire Fraud Under RICO.

Under RICO, the following elements establish prima facie showing of wire fraud: (1) a scheme to defraud; (2) money or property as the object of the scheme; (3) use of interstate mail or wire to further the scheme. *United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017). As with any fraudulent claim, facts must be plead with particularity but malice, intent, knowledge, or other mental states may be alleged generally. Fed. R. Civ. P. 9 (b). Defendant contends first that the SAC does not plead the necessary intent, then contends that Plaintiff has not plead with particularity.

Defendants' contentions that fraud has not been pled simply is not true. Defendant materially misrepresents the SAC by stating that "the only 'fraud' alleged in the SAC, however, is that Everest supposedly misled Plaintiffs…" Doc. No. 30, pg. 17.

The SAC clearly sets forth the scheme in which Defendants' scheme and intent to defraud:

> Like others who engage in similar activity, Defendant's business model employs a phony MCA as a smokescreen for unlawful lending and debt collection." Doc. No. 18 ¶ 9. "Such language is intentionally included to mislead the courts and allow Defendant to loan money to corporations at a criminally usurious interest rate under the guise of a sales contract." Doc. No. 18, ¶ 36. "Like here, this was a purely artificial device used by the loan-shark to evade the law—an evasion that

the Legislature sought to prevent" Doc. 18, ¶ 77. "The principal amount is intentionally mistitled in the Agreement as a 'Purchase Price'. Doc. No. 18 ¶ 26. "The terms of the current loan show a conspiracy among the Defendants to violate RICO and to defraud Plaintiffs by forcing them through misleading terminology and by forcing Plaintiffs to use proceeds from the loan to pay off their previous balance." Doc. No. 18, ¶ 34.

Plaintiff further shows that the money is the object of the scheme as the scheme is to incur unlawful interest rates and scam fees.

Lastly, Plaintiffs show injury by paying thousands of dollars in fees and the costs incurred in litigation the matters.

Defendant contends that any allegations that Defendant did not perform is a breach of contract, not fraud. However, that very defense is part of the scheme, in which Plaintiffs allege of. Companies such as Defendant enter in these Agreements under fraudulent terms and conditions without ever intending to reconcile accounts, then hide behind breach of contract claims.

iii.   The "Enterprise" Under RICO

It is well established law that any legal entity may qualify as a RICO enterprise, and "[t]he corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its difference legal status." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001); *See* 18 U.S.C. § 1961(4). As such, Everest, a legal entity is the enterprise, separate from Mr. Crockett. *See, e.g.*, *Fleetwood Servs.*, No. 20 Civ. 5120, 2022 WL 1997207 at *19 (S.D.N.Y. June 6, 2022) (finding an MCA company to be an enterprise under RICO).

vi.   Injury Under Rico

Plaintiff has pled injury. As stated above, Plaintiff has plead not only that it has paid thousands of dollars in unlawful debt, and forced to make daily payments based

upon an illegal debt. Defendants aver that Plaintiff has made money on the transaction, but it simply cannot be true, or does not preclude the fact that Defendants collected on an unlawful debt.

      vii.   <u>Conspiracy Under RICO</u>

Defendants only contention to Plaintiff's conspiracy claims is based solely on the erroneous arguments against the RICO claims. As shown above, Plaintiff's RICO claim is sufficient, which renders Defendant's Opposition to the Conspiracy cause of action as void or meritless.

**D.  *Plaintiffs' Fraud Claim Is Based Upon Material Misrepresentation In The Agreement And Has Sufficiently Plead the Necessary Requirements.***

Defendant makes a material mistake in its understanding of fraud and the basis of the SAC. First, Defendant states that sanctions are appropriate because Plaintiff is using criminal usury affirmatively as a claim as opposed to a defense to an action. However, Defendants argument is flawed because it simply misstates the facts at hand. Plaintiff's claim is based upon fraud, not usury—none of the counts raised in the SAC are usury or unconscionability. Although the word "usury" appears in the SAC, it is not the causes of action—the relevant cause of action is fraud to avoid and/or hide criminal usury.  In cases of fraud, there is an intentional disconnect between the intention of a party and the clear terms of a contract.

A cause of action based upon fraud is established upon a material misrepresentation or omission of fact which was false and known to be false by the defendant and made for the purpose of inducing the other party to rely upon it. *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 617, 727 (N.Y. 2016). Defendant mistakenly confuses the core questions of fact and law revolving around whether the Agreement is a loan on its face and whether the Agreement misrepresents the costs and fees in the terms of the loan. Specifically, the SAC avers that three

fees were incurred by Defendant, but Defendant never actually incurred the costs—thus, a

material misrepresentation.

> The Agreement represented that these fees were for services or costs purportedly
> provided by or incurred by Everest in connection with the Agreements, but, in
> reality, these services or costs were never provided or incurred or were otherwise
> provided or incurred for amounts far below those stated in the Agreement and the
> so-called "fees" were nothing more than additional profits reaped by Everest. The
> Agreement makes no specific mention of what services are provided for these
> fees. Doc. No. 18, ¶ 115 (SAC, Pg. 22).

As shown by the actual allegations in the SAC, Defendants arguments are not representative of

the alleged facts.

Defendant confuses the actual allegations in the Complaint by attempting to argue the

terms of the Agreements are "clear." There is no question that the terms are at least unambiguous

enough to pass muster, but the allegations are based upon intent to defraud and mispresent fees

and charges, and the actual intent behind the Agreement.

Defendant's next argument is that the allegation of disguising the nature of the

Agreement has been ruled upon by this Court. To be clear, this Court has ruled that the

Agreement by its terms is not a loan but rather a funding agreement. Although Defendant

essentially asserts that this gives them total immunity essentially, this just simply is not the case.

The SAC does not purport that the Agreement based upon its face is a loan, but alleges that

Defendant disguised fraudulent charges in the Agreement to make it appear as though it was a

funding agreement. Ultimately, the question before the Court in the FAC was whether the

Agreement is a loan or a funding agreement based upon its terms and conditions. Also, the Court

addressed whether criminal usury can be brought as an cause of action. The SAC concedes both

issues, but the issue before the Court is the intentions and representations made by Defendant, in

the Agreement. In fact, Defendant's motions are supportive to Plaintiffs' ultimate position.

Plaintiff's position, consistent with the SAC, is that Defendant misrepresented the actual intent

and costs in the Agreement in order to fraudulently induce Plaintiffs into entering the Agreement

and "sham" fees, then essentially hide behind the misrepresentations in the Agreement.

### viii.    CONCLUSION

For the above stated reasons, Plaintiff respectfully request the Court deny Defendants

motion in its entirety.

       Dated:    New York, NY
                  January 22, 2023

Respectfully Submitted:

*/s/ Scott C. Levenson*
Scott C. Levenson, Esquire
Levenson Law Group
625 W 51st Street
New York, NY 10019
(347) 352-2470
Levensonlawgroup@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I declare that I served opposing counsel with a copy of Plaintiff's Memorandum of Law in

Opposition to EBG Holdings, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint

by uploading an electronic copy to ECF on January 22, 2023.


Respectfully Submitted:

_____*/s/ Scott C. Levenson*_____

Scott C. Levenson, Esquire
Levenson Law Group
625 W 51st Street
New York, NY 10019
(347) 352-2470
Levensonlawgroup@gmail.com

11